IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| TRACIE FRANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:20-cv-02496-HLT-KGG |
| ) | |
| HEARTLAND REHABILITATION ) | |
| HOSPITAL, LLC, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

For its Objections and Responses to Plaintiff's First Requests for Production of Documents ("First Requests"), served in the above-captioned matter, defendant Heartland Rehabilitation Hospital, LLC ("Heartland" or "Defendant") states as follows:

**PRELIMINARY OBJECTIONS**

1. Defendant objects to Plaintiff's Requests to the extent that Plaintiff seeks to require Defendant to disclose private and confidential, proprietary or otherwise sensitive information and/or documents. Without waiving this objection, Defendant states that it will produce such information and/or documents subject to the Protective Order entered in this case to protect the confidentiality of the material produced.

2. Defendant further objects to Plaintiff's Requests to the extent Plaintiff seeks to require Defendant to do more than is required by the Federal Rules of Civil Procedure (for example with respect to instructions regarding documents no longer in Defendant's possession)

1

Exhibit "A"

3. Defendant further objects to Plaintiff's Requests to the extent that they seek information protected from disclosure by the attorney-client privilege or the work-product doctrine. Inadvertent identification or production of any such information shall not constitute a waiver by Defendant of any applicable privilege.

4. Each of the following responses incorporates these Preliminary Objections, whether or not specifically referenced in the answers. The responses below are provided without waiver of any of the objections stated herein.

## OBJECTIONS AND RESPONSES TO REQUESTS

1. All documents identified in the defendant's answers to the plaintiff's first interrogatories to defendant.

   Response: Defendant will produce non-privileged responsive documents.

2. Plaintiff's complete personnel file, and all other documents maintained by defendant or plaintiff's supervisor's concerning plaintiff Tracie Frank.

   Response: Defendant will produce non-privileged, responsive documents, identified after a reasonable search, subject to the Protective Order in this case.

3. Defendant's written policies and procedures pertaining to sexual harassment, and sex discrimination, if any.

   Response: Defendant objects to this request to the extent it seeks policies and procedures not in effect during Plaintiff's employment with Defendant. Subject to and without waiving its objections, Defendant will produce the relevant policies.

4. All documents showing the type and amount of compensation and fringe benefits plaintiff received while employed by defendant.

Response: Defendant objects to this request because the request for all documents is overly broad and unduly burdensome, in that it would require the production of business records that have no bearing on this litigation, just because they happen to show Plaintiff's compensation (e.g., in budgeting items or emails). Subject to and without waiving its objections, Defendant will produce responsive documents sufficient to show Plaintiff's compensation and elected benefits, subject to the Protective Order in this case.

5. The personnel file of plaintiff's supervisor(s).

Response: Defendant objects to the extent that this request is overly broad and seeks confidential information about a third party that is not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense at issue in this litigation. Producing sensitive employee information (hiring information, compensation, benefits, work performance, etc.) about Ms. Sorensen does not tend to make any allegation in this litigation more or less probable. Subject to and without waiving its objections, Defendant states there is nothing in Ms. Sorensen's personnel file relating to any disciplinary information or Plaintiff's allegations in this case.

6. All written documents which relate to the job description or duties of a person performing the plaintiff's job(s).

Response: Defendant objects to this request because the request for all documents "which relate to the job description or duties" of an employee is overly broad and unduly burdensome, in that it would require the production of business records that have no bearing on this litigation, just because they happen to mention one or more of the duties, responsibilities, or work performance of any of Defendant's executive assistants, regardless of the particulars.

3

Subject to and without waiving its objections, Defendant will produce responsive documents sufficient to show the written job description, duties, and expectations of Plaintiff's position as an executive assistant during the time of Plaintiff's employment, identified after a reasonable search, subject to the Protective Order in this case.

7. All written documents which relate to the job description or duties of a person performing Adrial [*sic*] Robinson's job.

Response: Defendant objects to this request because the request for all documents "which relate to the job description or duties" of an employee is overly broad and unduly burdensome, in that it would require the production of business records that have no bearing on this litigation, just because they happen to mention one or more of the duties, responsibilities, or work performance of any of Defendant's past or current directors of quality assurance, regardless of the particulars.   Subject to and without waiving its objections, Defendant will produce responsive documents sufficient to show the written job description, duties, and expectations of Adriel Robinson's position as the director of quality assurance during the time of Plaintiff's employment, identified after a reasonable search, subject to the Protective Order in this case.

8. Any and all documents, including notes, memoranda, and confidential memoranda, pertaining to defendant's investigation of plaintiff's claim of sexual harassment, including e-mail messages.

Response: Defendant will produce non-privileged, responsive documents, identified after a reasonable search, subject to the Protective Order in this case.

9. Any and all statements taken of Adrial [*sic*] Robinson.

Response: Defendant objects to this request because it is unlimited in time and

subject matter and, as such, is overly broad and not likely to lead to the discovery of admissible evidence relevant to the claims or defenses in this case. Subject to and without waiving its objections, to the extent that this request seeks any and all recorded statements taken or made by Adriel Robinson on the subject of any allegations of discrimination, harassment, or retaliation, Defendant will produce non-privileged, responsive documents, identified after a reasonable search, subject to the Protective Order in this case.

10. A copy of the defendant's 2021, and most recent financial statement.

Response: Defendant objects to this request to the extent that it seeks to require Defendant to disclose private, confidential, proprietary, sensitive documents – portions of which would only be relevant, if at all, to a claim for punitive damages. Defendant further objects to this request because it is premature and not reasonably calculated to lead to the discovery of admissible evidence at this stage of Plaintiff's case.

11. A copy of the defendant's 2021, and most recent annual report.

Response: Defendant objects to this request to the extent that it seeks to require Defendant to disclose private, confidential, proprietary, sensitive documents – portions of which would only be relevant, if at all, to a claim for punitive damages. Defendant further objects to this request because it is premature and not reasonably calculated to lead to the discovery of admissible evidence at this stage of Plaintiff's case. Subject to and without waiving its objections, Defendant does not prepare an annual report.

12. All documents pertaining to complaints of sexual harassment by Tracie Frank.

Response: Defendant will produce non-privileged, responsive documents, identified after a reasonable search, subject to the Protective Order in the case, relating to any such

complaints made by Plaintiff. Defendant is not aware of any sexual harassment complaints made by other employees against Plaintiff.

14. 13. All documents identified in the defendant's Initial Disclosures pursuant to Fed. R. Civ. P. 26(a).

Response:   Defendant will produce non-privileged responsive documents.

14. Any roster, chart, or list, showing the organizational structure of the facility in which Ms. Frank worked in 2019, including lists of the names and job titles of all employees of the facility in 2017.

Response: Defendant objects to this request as overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's claims or Defendant's defenses in this case. Plaintiff has not established even the most remote relevance of the organizational structure of every department within Defendant's Overland Park hospital (including those in which Plaintiff did not work). Moreover, since Plaintiff was not hired until June 2018, Defendant's organizational structure in 2017 if not relevant to any of her claims of discrimination/harassment and retaliation. Subject to and without waiving its objections, Defendant states that no such responsive document exists.

15. All documents pertaining to any complaint of sexual harassment or sex discrimination by any other employee of defendant, at its facility in Overland Park, within five years preceding the filing of this suit.

Response:   Defendant objects to this request because it is not limited to complaints involving the individual plaintiff claims harassed her and, as such, it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's

claims in this case. Defendant further objects to the request to the extent it requests "all documents pertaining to" any such complaints and, as such, seeks documents protected by the attorney-client privilege and work product doctrine. Subject to and without waiving its objections, Defendant will produce non-privileged responsive documents relating to any complaint of sexual harassment or sex discrimination against Adrial Robinson within the five years preceding the filing of this lawsuit.

16. A complete copy of the personnel file of Adrial [*sic*] Robinson.

Response: Defendant objects to the extent that this request is overly broad and seeks confidential information about a third party that is not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense at issue in this litigation. Producing sensitive employee information (hiring information, compensation, benefits, general work performance, etc.) about Mr. Robinson does not tend to make any allegation in this litigation more or less probable. Subject to and without waiving its objections, Defendant states that it will produce – subject to the Protective Order in this case – disciplinary information for Mr. Robinson and any information in his personnel file relating to Plaintiff's allegations in this case or alleged sexual harassment or sex discrimination.

17. A complete copy of the personnel file of Alicia Sorensen.

Response: Defendant incorporates its objections and responses to Request No. 5.

18. All documents showing the job duties or description of Alicia Sorensen, in the years 2019, and 2020.

Response: Defendant objects to this request because the request for all documents "showing the job duties" of an employee is overly broad and unduly burdensome, in that it would

7

require the production of business records that have no bearing on this litigation, just because they happen to mention one or more of Ms. Sorensen's duties, regardless of the particulars. Moreover, Ms. Sorensen's duties in 2020 – after Plaintiff no longer worked for Defendant – are not likely to lead to the discovery of any admissible evidence relevant to the claims or defenses in this case. Subject to and without waiving its objections, Defendant will produce responsive documents sufficient to show the written job description, duties, and expectations of Ms. Sorensen during the time of Plaintiff's employment, identified after a reasonable search, subject to the Protective Order in this case.

19. All documents showing the job description of John Hughes, the CEO at RHOP.

Response: Defendant objects to this request because the request for all documents "showing the job description" of an employee is overly broad and unduly burdensome. Subject to and without waiving its objections, Defendant will produce responsive documents sufficient to show the written job description of Mr. Hughes during the time of Plaintiff's employment, identified after a reasonable search, subject to the Protective Order in this case.

20. Any and all notes taken by any management employee of defendant pertaining to Ms. Franks' complaint(s) of sexual harassment, or the disposition of her complaints.

Response: Defendant will produce any non-privileged, responsive documents, subject to the Protective Order in this case.

21. Any and all personnel records of other employees at RHOP from January through August 2019, pertaining to disciplinary actions taken against them for similar alleged reasons as Ms. Frank.

Response: Defendant objects to this request because it is overly broad and unduly

burdensome. The request is not limited to employees in the same position as Plaintiff or employees who reported to Plaintiff's supervisor, Ms. Sorensen. Moreover, the term "disciplinary action" is vague and capable of varying interpretations. Subject to and without waiving its objections, Defendant states that Ms. Sorenson did not issue any other Last Chance Agreements or Performance Improvement Plans.

22. A copy of defendant's EEO-1 report(s) for the years 2019, to the present, pertaining to defendant's facility in Overland Park, Kansas where Ms. Frank was employed.

Response: Defendant objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's claim of sexual harassment or retaliation. The demographics of Defendant's workforce is not at issue in this case, in that Plaintiff has not asserted that she was discharged because of her sex or that Defendant failed to hire her because of her sex. Moreover, there is no allegation of any other type of discrimination in this case (for example, race discrimination) for which EEO-1 information would be relevant.

23. Any and all e-mail messages, memos, or other correspondence, between Alicia Sorensen, and John Hughes, pertaining to the subject of Ms. Frank's termination.

Response: Defendant objects this request because Plaintiff was not terminated. Instead, Plaintiff voluntarily resigned her employment with Defendant.

23. Any and all e-mail messages, memos, or other correspondence, between Alicia Sorensen, and Penny Craig, pertaining to Ms. Frank.

Response: Defendant will produce responsive documents, identified after a reasonable search, subject to the Protective Order in this case.

24. Any and all e-mail messages, memos, or other correspondence, between John

Hughes, and Penny Craig, pertaining to the subject of Ms. Frank's employment.

Response:   Defendant will produce responsive documents, identified after a reasonable search, subject to the Protective Order in this case.

25.   Any and all e-mail messages, memos, or other correspondence, concerning why Ms. Frank was given a "Last Chance Agreement."

Response:   Defendant objects to the extent that this request seeks documents protected by the attorney-client privilege and/or the work product doctrine, as this request would include communications with counsel if this subject was discussed, for example, after the filing of Plaintiff's lawsuit or charge of discrimination. Defendant does not intend (and does not believe it is obligated) to log all of its communications with its counsel after Plaintiff's employment ended and Plaintiff initiated legal action against it. Subject to and without waiving its objections, Defendant will produce non-privileged, responsive documents, identified after a reasonable search, subject to the Protective Order in this case.

26.   Any and all documents concerning why Ms. Frank left the employment of Defendant RHOP.

Response:   Defendant objects to the extent that this request seeks documents protected by the attorney-client privilege and/or the work product doctrine, as this request would include communications with counsel if this subject was discussed, for example, after the filing of Plaintiff's lawsuit or charge of discrimination. Defendant does not intend (and does not believe it is obligated) to log all of its communications with its counsel after Plaintiff's employment ended and Plaintiff initiated legal action against it. Subject to and without waiving its objections, Defendant will produce non-privileged, responsive documents, identified after a reasonable

search, subject to the Protective Order in this case.

27.     A copy of defendant's policies and procedures pertaining to disciplinary actions which were in effect at any time in 2019.

Response:     Defendant will produce responsive documents.

28.     A copy of any all documents sent to the Equal Employment Opportunity Commission, pertaining to Ms. Frank's charge of discrimination.

Response:     Defendant objects to the extent that this request requires Defendant to produce documents about Plaintiff's charge of discrimination that would be equally accessible to Plaintiff as they would be to the Defendant, as it appears to request all documents, regardless of sender.   Defendant further objects to this request to the extent that it seeks to impose an obligation on Defendant to provide information for or on behalf of any person or entity other than itself. Subject to and without waiving its objections, Defendant will produce a copy of the position statement it provided to the EEOC and any exhibits.

Dated: May 5, 2021

Respectfully submitted,

STINSON LLP

*/s/ Sara E. Welch*
Sara E. Welch, KS #16350
Emily N. K. Monroe, KS #27428
1201 Walnut, Suite 2900
Kansas City, Missouri   64106
Phone: (816) 842-8600
Fax: (816) 691-3495
Email: sara.welch@stinson.com
Email: emily.monroe@stinson.com

ATTORNEYS FOR DEFENDANT

CERTIFICATE OF SERVICE

I certify that on May 5, 2021, a copy of this document was served via email on the following counsel of record:

Mark A. Buchanan
Law Office of Mark A. Buchanan
5324 Chadwick Road
Fairway, Kansas 66205
mark@markbuchananlaw.com

Attorney for Plaintiff

/s/ *Sara E. Welch*
Attorney for Defendant

12

166500023