IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TRACIE FRANK,                )
                             )
       Plaintiff,            )
                             )
vs.                          )   Case No. 20-2496-HLT-KGG
                             )
HEARTLAND REHABILITATION     )
HOSPITAL, LLC,               )
                             )
       Defendant.            )
_____)

# MEMORANDUM & ORDER GRANTING MOTION TO COMPEL

Now before the Court is Plaintiff's Motion to Compel[1]. (Doc. 14.) Having reviewed the submissions of the parties, Defendant's objections are **overruled** and Plaintiff's motion is **GRANTED**.

# BACKGROUND

Plaintiff Tracie Frank brings this claim against Defendant Heartland Rehabilitation Hospital, LLC ("RHOP") alleging that her civil rights were violated pursuant to Title VII of the Civil Rights Act of 1964. (Doc. 14, at 1.) Frank was hired by RHOP to serve as an Executive Assistant to the Chief Nursing Officer, Alicia Sorenson. (Doc. 1, at 2.) While employed at RHOP, Plaintiff alleges that

---

[1] The Court notes that the time for Plaintiff to file a reply brief has not yet expired. That stated, the Court finds that additional argument is unnecessary.

she was sexually harassed by her co-worker, Adrial Robinson, who was the Director of Quality Assurance. (*Id.*, at 3.)

Plaintiff alleges that prior to her employment at RHOP, other women had reported sexual harassment by Robinson and a prior Chief Nursing Officer. (*Id.*) Plaintiff alleges that Robinson frequently made offensive comments towards her and made unwanted sexual advances. (*Id.*, at 3-4.) Plaintiff attempted to avoid Robinson as much as possible and told him that his comments were "unwelcome and offensive." (*Id.*, at 4.) Plaintiff reported Robinsons sexually offensive conduct to Human Resources. (*Id.*, at 4-5.)

Sorenson told Plaintiff that corporate was putting pressure on her, and that she had until a specified date to find another job or be terminated. (*Id.*, at 5.) Plaintiff did secure another position before the deadline and resigned with RHOP. (*Id.*)

The present motion arises from Defendant's response to discovery served by Plaintiff. (*See generally* Doc. 14.) Plaintiff seeks "[a]ll documents pertaining to any complaint of sexual harassment or sex discrimination by any other employee of defendant, at its facility in Overland Park, within five years preceding the filing of this suit." (*Id.*, at 2.) Defendant objects to this request stating that

> [the] request . . . is not limited to complaints involving the individual plaintiff claims harassed her, and as such, it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence relevant to

> Plaintiff's claims in this case. Defendant further objects to the request to the extent it requests "all documents pertaining to" any such complaints and, as such, seeks documents protect by the attorney-client privilege and work product doctrine.

(*Id.*)

Plaintiff argues that the information requested is relevant because the requested documents will show that RHOP failed to enforce its sexual harassment and anti-discrimination policy. (*Id.*, at 3.) Defendant responds to Plaintiff's assertion that the documents requested are relevant by stating that, "[e]ven . . . [if] Defendant failed to enforce its policies in situations that did not involve Plaintiff . . . [or] her alleged harasser, that would not make a material fact at issue in this litigation more or less probable. . . ." (Doc. 16, at 2.)

Plaintiff continues that the requested documents are relevant and discoverable because it can lead to evidence that rebuts Defendant's affirmative defense, by which Defendant answered that, "[D]efendant made good faith efforts to comply with Title VII. . . ." (Doc. 14, at 3.) Defendant responds that the parties should not litigate Defendant's every action within the last five years. (Doc. 16, at 2.) Instead, Defendant asserts that it made good faith efforts to comply with Title VII "[t]o the extend that it maintains policies prohibiting discrimination and harassment. . . ." (*Id.*)

Plaintiff contends that Defendant's objection based on complaints against individuals other than Robinson is without merit because "[t]he standard for determining the geographic scope of discovery focuses on 'the source of the complained discrimination—the employing unit or work unit.'" (Doc. 14, at 4 (citing ***McBride v. Medicalodges, Inc.***, 250 F.R.D. 581, 588 (D. Kan. 2008)).) Defendant responds by claiming that this Court has held that the scope of similar-complaint evidence should be limited to evidence showing the motive and intent of particular supervisors. (Doc. 16, at 3 (citing ***Isberner v. Walmart, Inc.***, No. 20-2001-JAR-KGG, 2020 WL 7248206, at *3 (D. Kan. 2020)).)

## **ANALYSIS**

**I.    Standards for Discovery.**

Fed.R.Civ.P. 26(b) states that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at state in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1).  As such, the requested information must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable.  ***Holick v.***

*Burkhart*, No.16-1188-JTM-KGG, 2018 WL 372440, at *2 (D. Kan. Jan. 11, 2018).

Discovery requests must be relevant on their face. ***Williams v. Bd. of County Comm'rs***, 192 F.R.D. 698, 705 (D. Kan. 2000). Relevance is to be "broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." ***Smith v. MCI Telecommunications Corp.***, 137 F.R.D. 25, 27 (D. Kan. 1991).

Once this low burden of relevance has been established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request. *See* ***Swackhammer v. Sprint Corp. PCS***, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections). Thus, "the objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable." ***Sonnino v. University of Kansas Hosp. Authority***, 221 F.R.D. 661, 670–71 (D. Kan. 2004).

**II.    Request at Issue**

Plaintiff requests all documents that relate to any sexual harassment or sex discrimination by any other employee at its facility within the last five years. (Doc. 14, at 2.)  The question at issue remains whether the requested documents are relevant.

Plaintiff argues that the documents sought are relevant because they will demonstrate that RHOP failed to enforce its sexual harassment policy.  (*Id.*, at 3.) Specifically, Plaintiff points to RHOP's Answer which states, "[D]efendant made good faith efforts to comply with Title VII. . . ."  (*Id.*)  Plaintiff contends that this Answer puts at issue whether RHOP acted in good faith to prevent harassment and sex discrimination.  (*Id.*)  Plaintiff also maintains that this request is relevant because it may lead to evidence that rebuts the affirmative defense set forth by RHOP.  (*Id.*)

Plaintiff continues that the documents should be discoverable because it may lead to the discovery of "[a]dditional witnesses who would testify that they had reported sexual harassment to RHOP's managers, but who then failed to take prompt, remedial action. . . ."  (*Id.*, at 4.)  Plaintiff supports this by stating that "[r]elevancy is broadly construed . . . and a request for discovery should be considered relevant if there is any possibility the information sought my be relevant to the subject matter of the action.  (*Id.*, at 2 (citing to ***Continental Coal.***

*Inc. v. Cunningham*, No. 06-2122-KHV, 2007 U.S. Dist. LEXIS 87780, at \*7 (D. Kan. 2007)).)

Defendant responds that it made good faith efforts to comply with Title VII "[t]o the extent that it maintains policies prohibiting discrimination and harassment and took steps to ensure that management . . . [was] aware of those policies. . . ." (Doc. 16, at 2.) Defendant asserts that the parties should not litigate Defendant's "every action" over the last five years. (*Id.*) Defendant continues that the documents requested are not relevant because, "[e]ven . . . if Defendant failed to enforce its policies in situations that did not involve Plaintiff and did not involve her alleged harasser, that would not make a material fact at issue in this litigation more or less possible. . . ." (*Id.*, at 2.)

Defendant points out that this Court has held that the scope of similar-complaint evidence should be limited to evidence showing the motive and intent of particular supervisors. (*Id.*, at 3 (citing *Isberner*, 2020 WL 7248206 at \*3)[2].) Also, in *Isberner*, the Court noted that discovery may be broadened if Plaintiff can show "[a] 'more particularized need for, and the likely relevance of, broader information.'" (*Isberner*, 2020 WL 7248206 at, \*3 (D. Kan. 2020) (citing *Owens*

---

[2] The issue in Isberner involved the individuals making decisions relating to the plaintiff's employment. In the present case, the relevant issues are not decisions regarding Plaintiff's employment, but rather the company's handling of Plaintiff's harassment complaint.

*v. Sprint/United Management Co.*, 221 F.R.D. 649, 654 (D. Kan. 2004)). Plaintiff has met this burden because Defendant asserts in its Answer that it made good faith efforts to comply with Title VII and because the handling of the harassment complaint is relevant. (*See* Doc. 14, at 3.)

The Court thus finds that Plaintiff has established that the documents requested are relevant and **overrules** Defendant's objections. Plaintiff's motion to compel (Doc. 14) is, therefore, **GRANTED**.

**IT IS THEREFORE ORDERED** that Defendant's objections are **overruled** and Plaintiff's Motion to Compel (Doc. 14) is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 12th day of July, 2021, at Wichita, Kansas.

       s/ KENNETH G. GALE
       HON. KENNETH G. GALE
       U.S. MAGISTRATE JUDGE